### 31973. MORGAN v. THE STATE.

GARDNER, J. The defendant assigns error here on the overruling of his motion for a new trial. He was convicted on an indictment containing three counts: first, for forging a check; second, for uttering, publishing and passing it; and third, for possessing it. The jury returned a verdict of guilty on each count.

There were two checks introduced in evidence, both of them given on the same date, on the same bank, for the same amount, purporting to have been signed by W. P. Morgan. One of them was written in pencil, made payable to "order cash" and the other check was made payable to J. T. Morgan, and was written in ink. The check which was written in pencil is the basis of an appeal on a judgment overruling the motion for a new trial, the record of which contains a similar indictment for similar offenses, and similar verdicts as in the instant case (*Morgan* v. *State*, 77 *Ga. App.* ___ (48 S. E. 2d, 681). The evidence reveals that in that case the defendant (being the same defendant as in the instant case), presented to Mrs. Horton the check which was written in pencil and she cashed the same. At the time she cashed that check the evidence reveals that the defendant had already signed his father's name to the check. The conviction in the instant case is on the check written in ink.

The evidence reveals as to this check that about one hour and a half after Mrs. Horton had cashed the first check the defendant returned to her and stated that he was authorized to write his father's name on a check, and that he desired to write a check, sign his father's name to it and have her cash it, for $15. The defendant drew from his pocket a blank check on The Rome Bank & Trust Company and borrowed from Mrs. Horton a pen and in her presence wrote the check set out in the indictment in the instant case, made it payable to himself and signed his father's name to it. Mrs. Horton cashed this check under these circumstances. The father testified that his son did not have authority to sign his father's name to the check on The Rome Bank & Trust Company, but did have authority to sign his father's name to a check on the National City Bank, in which the father had a checking account. The circumstances under which the check was given to Mrs. Horton and cashed by her in the instant case do not constitute the offense of forgery. This court said in *Barron* v. *State,* 12 *Ga. App.* 343 (7) (77 S. E. 214): "To constitute forgery, the writing must purport to be the writing of another than the person making it. The mere false statement or implication of a fact not having reference to the person by whom the instrument is executed will not constitute the crime. Where one executes an instrument purporting on its face to be executed by him as the agent of the principal, he is not guilty of forgery, . . but merely a false and fraudulent assumption of authority. The essence of forgery is the making of a false writing, with the intent that it shall be received as the act of another than the party signing it; and wherein it appears that it could not have been intended that the false writing should be received as other than what it purports to be, the maker may be guilty of cheating and swindling, but can not be guilty of forgery." See also *Hale* v. *State,* 120 *Ga.* 184 (47 S. E. 531), wherein the court said: "In cases of counterfeiting, the similitude of the false . . to the genuine should appear; but in forgery, the essence of the wrongful act is the execution of the writing with intent that it shall be taken as the act of some other than the person signing." Applying these principles of law to the facts in the instant case, the court erred in overruling the motion for a new trial.

*Judgment reversed. MacIntyre, P. J., and Townsend, J., concur.*

DECIDED MAY 22, 1948.

*M. G. Hicks, J. L. Wallace,* for plaintiff in error.
*E. J. Clower, Solicitor-General,* contra.