UNITED STATES of America, Appellee,

v.

Lloyd Edward WILKINS, Defendant-Appellant.

No. 322, Docket 28141.

United States Court of Appeals Second Circuit.

Argued Feb. 13, 1964.

Decided Feb. 19, 1964.

Irving Younger, New York City, for appellant.

Andrew J. Maloney, New York City (Robert M. Morgenthau, U. S. Atty. for

the Southern Dist. of New York, Andrew T. McEvoy, Jr., Robert J. Geniesse, Asst. U. S. Attys., of counsel), for appellee.

Before LUMBARD, Chief Judge, and WATERMAN and FRIENDLY, Circuit Judges.

## PER CURIAM:

After a trial before Judge Bryan without a jury in the Southern District of New York, Wilkins was convicted of abetting the forgery of an endorsement on a United States Treasury check and the uttering of such a check, in violation of 18 U.S.C. § 495. He does not deny that the evidence warranted the judge in finding that he stole from a mailbox a $60 Treasury check payable to "A.Rivera unrem wid," meaning, as we are told, "unremarried widow"; that he sought the aid of one Leary [1] in cashing the check, saying falsely that it belonged to Wilkins' aunt, promising Leary $5 for his pains, and adding "If we cash that one, there are some more checks in the mailbox like this"; that Leary went to the garage of a taxi company and asked an employee, Finelli, to cash the check, telling Finelli it belonged to his aunt or his friend's aunt; that Leary then endorsed "A.Rivera unrem wid"; and that Finelli, having himself endorsed the check, then cashed it at the taxi company's office.

Wilkins' sole challenge to his conviction is a contention that the making of a false endorsement with a knowingly false oral representation of authority comes within the rationale of Gilbert v. United States, 370 U.S. 650, 82 S.Ct. 1399, 8 L. Ed.2d 750 (1962), which held that a knowingly unauthorized written agency endorsement did not constitute a forgery at common law nor hence under 18 U.S. C. § 495, originally enacted in 1823, 3 Stat. 771. But, as the district judge held, the case is different in the essential respect, recognized in Selvidge v. United States, 290 F.2d 894 (10 Cir. 1961), which the Supreme Court cited with approval in Gilbert, that whereas the endorsement in each of those cases "was exactly what it professed to be," here it was not—with a correspondingly different effect on the company that cashed the check, the banks through which it passed, and ultimately on the Treasury. What Leary did and Wilkins caused to be done constituted "the making or altering a writing so as to make the writing or alteration purport to be the act of some other person, which it is not"—the conduct which, if done with the requisite guilty knowledge, constituted forgery at common law. In re Windsor, 6 B. & S. 522, 527 (1865); Regina v. Ritson, 11 Cox's Cr.Cases 352 (1869). We could rest on the scholarly opinion of Judge Bryan, 213 F.Supp. 332, were it not for appellant's heavy reliance on two cases not discussed therein, Commonwealth v. Baldwin, 77 Mass. [11 Gray] 197 (1858), and Morgan v. State, 77 Ga.App. 164, 48 S.E.2d 115 (1948). The Baldwin decision is fairly distinguishable, whether or not we would agree with it, on the basis that the note was signed by a purported partnership containing the defendant's own name; the Morgan decision is, in our view, wrong and not supported by the authorities on which it relies. We cannot consider the answer of defense counsel to a question of Baron Parke in Regina v. White, 2 Car. & K. 404, 413 (1847), concerning the effect of false oral representation of authority, as indicating what the judges would have held if that issue had been before them.

The Court is indebted to Irving Younger, Esq. who, as assigned counsel, represented Wilkins both in the District Court and here, and aided us with a learned but concise brief and an effective argument.

Affirmed.

---

1. Leary, who was also charged, pleaded guilty.