**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Charles Hubert HILL, Defendant-Appellant.**

**No. 27115**

**Summary Calendar.**

United States Court of Appeals Fifth Circuit.

Sept. 30, 1969.

Thomas M. Hendricks, Jr., Howard R. Pigford, Meridian, Miss., for defendant-appellant.

Robert E. Hauberg, U. S. Atty., E. Donald Strange, Joseph E. Brown, Jr., Asst. U. S. Attys., Jackson, Miss., for plaintiff-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

■ Appellant, Charles Hubert Hill, was convicted by a jury in the United States District Court for the Southern District of Mississippi under an indictment charging a conspiracy to violate certain revenue laws of the United States relating to nontax-paid whiskey in violation of 18 U.S.C. § 371 (1964). The errors assigned by Hill on this appeal relate to cross-examination, the admissibility of evidence, denial of his motions for acquittal, sufficiency of the evidence and the trial court's jury instructions. We find no merit in any of his contentions except those relating to the jury charge. We reverse for reasons subsequently stated.[1]

■■ Appellant alleges that the trial court erred in giving what is popularly known as the "Allen" charge. We do not agree. After the jurors had deliberated for approximately six hours and reported that they were unable to reach a verdict, the trial court proceeded to instruct the jury in terms very similar to those approved by the Supreme Court in Allen v. United States.[2] Our position concerning this type of charge was expressed in Thaggard v. United States:

> This court, although sometimes reluctantly, has approved the "Allen" charge, while carefully assuring ourselves that there are not engrafted upon it any partial or one-sided comments. * * * Such a charge, so long as it makes plain to the jury that each member of the jury has a duty conscientiously to adhere to his own honest opinion and avoids creating the impression that there is anything improper, questionable, or contrary to good conscience for a juror to cause a mistrial, * * * is still a permissible charge to be given in proper circumstances in this Circuit.[3]

Appellant argues that the charge was improper because it placed "tremendous pressure on the jurors individually and as a whole jury to make a decision in this case." We disagree with this interpretation. When the charge is considered as a whole, we believe the "pressure" is directed toward a completely legitimate goal. The court strongly urged the jurors to thoroughly reassess their own conclusions and those of their colleagues, and to conscientiously and candidly discuss their opinions. The court was adamant in pointing out that jurors were not to sacrifice an honest conviction for the sake of unanimity and that it was positively not their duty to agree on

---

1. Pursuant to new Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 409 F.2d 804 (5th Cir. 1969).

2. 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896).

3. 354 F.2d 735, 739 (1965) cert. denied 383 U.S. 958, 86 S.Ct. 1222, 16 L.Ed. 2d 301 (1966). See Sanders v. United States, 415 F.2d 621 (5 Cir. 1969). We are not unmindful of the unrelenting attacks on the Allen charge. See Judge Brown's dissent in Huffman v. United States, 297 F.2d 754, 759 (5th Cir. 1962); Judge Coleman's concurrence in Thaggard v. United States, 354 F.2d 735, 739 (5th Cir. 1966); and Judge Wisdom's dissent in Andrews v. United States, 309 F. 2d 127, 129 (5th Cir. 1962). At sometime, all circuits have approved the Allen charge. See cases collected in Fulwood v. United States, 125 U.S.App.D.C. 183, 369 F.2d 960, 962, n. 3. However, recently the Third and Seventh Circuits have severely restricted the use of verdict-inducing jury instructions. United States v. Brown, 411 F.2d 930 (7th Cir. 1969); United States v. Fioravanti, 412 F.2d 407 (3d Cir. 1969).

a verdict. We find that the charge was proper in all respects.

■ We come now to another portion of the court's charge which the appellant claims was highly prejudicial. The court opened its instructions to the jury with the following statement:

> Members of the Jury, the Court will now instruct you as to the rules of law which you will apply to the evidence in reaching your decision in this case, so we are coming now to your place to function as a citizen in this case and important function it is. This is the only voice that reavlly [sic] a private citizen ever has in a Federal Court. You don't have any choice. You don't have any right to vote for the person who presides over the Federal Court or any of its officials, but you do have a chance now to decide what kind of government you want in your area of the State and I am here to see that that kind of government that you do want is enforced, so if you want good government its an opportunity in these cases where you sit as jurors to express yourself in that way and if you don't want any government, if you want chaos and if you want anarchy, if you want people to observe the laws that they like to observe and to ignore the others vote your preference in these cases where you sit as jurors, because as I say this is the only time you ever have an opportunity to express any views you may have on the subject of what kind of government you want.

It is our considered judgment that the foregoing "instructions" were improper, prejudicial, and did not relate in any manner to the facts, the law or the charge against the appellant. The defendant was tried under a relatively simple, single-count indictment charging an uninvolved conspiracy to violate certain federal statutes relating to non-tax-paid whiskey. We are unable to find any justification whatsoever for the court's didactic and hortatory deliverance concerning the "kind of government" the jurors want, and the subjects of "chaos", and "anarchy."

■ It is not our purpose to outline a fixed pattern to be followed in giving jury instructions. However, we do believe it is appropriate to state that the primary purpose of such instructions is to define with substantial particularity the factual issues, and clearly to instruct the jurors as to the principles of law which they are to apply in deciding the factual issues involved in the case before them. It is a good practice to outline such factual issues to the jury early in the instructions. It is not the function of the trial judge to instruct the jury on abstract principles of law which have no bearing on the case. Extraneous *law* may be quite as prejudicial as extraneous *facts*. Verdicts should be based only on the evidence in the case and the pertinent law as applied to that evidence.[4]

We consider it appropriate to quote Judge Thomas of the Third Circuit who made the following clear and concise statement of the purpose of jury instructions:

> The whole purpose of the charge is to enlighten the minds of the jurors with reference to the law arising out of the issues and the evidence so that they may intelligently arrive at their verdict.
>
> Such an exposition of law, in order to attain its salutary purpose, should be clear, concise, definite, positive, direct and accurate. It should be as comprehensive as the issues of the case are numerous and as broad as the evidence; but it should not go beyond those limits.
>
> Negatively, good instructions should not be verbose, ambiguous, vague, con-

---

4. *See* Peterson v. Mountain States Tel. & Tel. Company, 349 F.2d 934, 937 (9th Cir. 1965); Devitt, *Ten Practical Suggestions about Federal Jury Instructions,* 38 F.R.D. 75 (1965); W. F. Smith, Jury Instruction—An Outline, in Proceedings of the Seminars for Newly Appointed United States District Judges at 126 (1962).

tradictory, abstract, nor repetitious. They should never be didactical, oratorical, nor argumentative; but, on the other hand, they should be truly expository and fair and neutral as between the parties.

\*  \*  \*  \*  \*  \*

Further, instructions should never be interpolated with digressions on the philosophy of law, with Fourth of July orations on Justice, nor the Jury System and Its Place in Civilization, nor with references to the high character of counsel and the ability with which they have presented and argued the case, nor with anecdotes and historical allusions. All such interpolations are distracting.[5]

The judgment is reversed.