**Jude McCLENDON, Plaintiff-Appellant,**

**v.**

**REYNOLDS ELECTRICAL AND ENGINEERING, Defendant-Appellee.**

**No. 27441.**

United States Court of Appeals, Fifth Circuit.

Oct. 7, 1970.

Ben H. Stone, Gulfport, Miss., Bobby G. O'Barr, Clyde Hurlbert, Biloxi, Miss., for plaintiff-appellant.

George Morse, Eldon Bolton, Jr., Morse & Morse, Gulfport, Miss., for defendant-appellee.

Before WISDOM, SIMPSON and CLARK, Circuit Judges.

SIMPSON, Circuit Judge.

Jude McClendon appeals from an adverse jury verdict and judgment in the district court. The judgment denied recovery of money damages from the de-

---

fendant, Reynolds Electrical and Engineering, a corporation (Reynolds). Reynolds was a subcontractor of McClendon's employer, Malan Construction Company of Koppers, Inc. (Malan) at a NASA missile site in Hancock County, Mississippi. Jurisdiction below was based on diversity of citizenship and requisite amount in controversy between McClendon, a Mississippian, and Reynolds, a Texas corporation. The appellant was a forty-one year old Negro construction worker with ten dependents.

On the morning of September 2, 1965, appellant, as directed by Malan, was helping Bobbie Shivers, a Reynolds employee, excavate the earth for the placement of pipe. Shivers was using a diesel-powered machine known as a back hoe, essentially a hole digger. Its parts were a boom with an attached 200 pound bucket. The boom was capable of being moved rapidly. As Shivers and McClendon were changing buckets on the boom, Shivers attempted to raise the boom and touched the wrong lever. This mistake caused the boom and the heavy bucket to come about quickly and strike appellant before he could get out of its way. He was struck in the hip and lower back with such force as to knock him four or five feet away. McClendon lay where he fell until he was transported to a hospital by ambulance. There he was examined by a doctor, x-rayed, released and sent back to work.

Following this accident McClendon continued to work from September 2, 1965 to January 10, 1966. He slept on a hard bed, took aspirin as prescribed for his pain and used an electric heat pad. On January 10 he felt a sharp pain in his back upon lifting a five-gallon bucket during a manhole cleaning job. Again, he was on loan to Reynolds with Shivers his supervisor.

Doctor Kirgis, the third of four doctors to examine appellant subsequent to this second occurrence, saw him first in March 1966. He diagnosed appellant's condition as a ruptured lower lumbar disc by reason of which McClendon was unable to perform manual labor

at the time of trial in November 1968. Dr. Kirgis had continued to treat McClendon in the interval, several times sending him back to work a few days at a time.

On September 8, 1967, McClendon received $11,066.31 in Workmen's Compensation benefits from Malan's compensation insurance carrier. Thereafter on April 19, 1968 he filed suit in the court below against Shiver's employer, Reynolds, seeking recovery for all past, present and future pain, suffering, loss of wages, and medical expense proximately caused by the September 2, 1965 accident and any subsequent damages caused by aggravation of the injury.

The jury returned a general verdict for the defendant Reynolds, and the court below, after denying motions for new trial and judgment n.o.v., entered the judgment appealed from.

The sole issue urged on appeal is the adequacy of the charge to the jury. It is urged by appellant that the instructions taken as a whole were so misleading as to preclude the jury from proper consideration of whether the injury received on January 10, 1966 aggravated the pre-existing injury proximately caused by the defendant's earlier and admitted negligence in inflicting the September 2, 1965 injury. We agree that this is so and reverse for a new trial.

The misleading nature of the trial court's instructions manifested itself in three particulars. First, the court charged the jury:

"As you know, this man had two accidents. He had an accident on September the 2nd, 1965 and that accident is the subject matter of this suit. He also had an accident on January 10th, 1966, and *that accident is not in any manner or form a part of this suit, and the defendant in this case had no responsibility and has no liability whatsoever for the accident of January the 10th, 1966.* The only question before you for determination in this case is as to whether or not the defendant in this case was negli-

gent in injuring this plaintiff on September the 2nd, 1965, and as to whether or not such negligence was the proximate cause of plaintiff's damages and injuries for which he sues in this case, and, if so, as to the amount of such damages and if not it would be your duty to then return a verdict for the defendant.

\*　\*　\*　\*　\*　\*

"\* \* \* and he must likewise prove by the greater weight of the more convincing evidence as to what his injuries were as a proximate result of that incident on September the 2nd, 1965, because *that is the only accident that is before this Court in this case for which the defendant could possibly have any responsibility or liability."* (Emphasis added)

These instructions so isolated and emphasized the September 2, 1965 liability and resultant damages that the jury may well have been misled into understanding they could not consider appellee's negligence on September 2, 1965 as the proximate cause of the January 10, 1966 injuries.

Second, the court instructed:

"You are further instructed that if you find for the plaintiff, in determining or fixing the amount of any damages you will award him, it is your duty to take into consideration \* \*

"5. Any reasonable and necessary future medical expenses which will probably be incurred, if any, by the plaintiff as a *result of the September 2, 1965, accident.*

\*　\*　\*　\*　\*　\*

"You are not to assess damages for any injury or condition from which the plaintiff may have suffered or may *now* be suffering unless \* \* \* *such injury or condition was proxi-*

*mately caused by the accident in question on September 2, 1965."* (Emphasis added)

These instructions gave the jury basis for understanding incorrectly that if appellant's condition at trial was caused in part by the January 10, 1966 incident, they could not assess damages for injuries except those in existence prior to January 10, 1966.

Third, we believe that the court's charge may have misled the jury when it failed to place proximate cause in proper relation to aggravation. Under the facts of this case, it was the duty of the trial court to instruct the jury that if the September 2, 1965 accident caused an injury which was subsequently aggravated on January 10, 1966, the original wrongful act is deemed the proximate cause of the *entire injury,* and damages are recoverable therefrom, provided the act of the injured plaintiff aggravating the injury was in keeping with the conduct of a reasonably prudent person under all the circumstances. This principle is well established in our law. 25A C.J.S. Damages § 184, pp. 207, 208; 22 Am.Jur.2nd, Damages § 111, p. 162; Restatement of the Law, Torts, Second Edition, § 460, p. 379. Also cf. Henderson v. United States, 5 Cir. 1964, 328 F.2d 502; Mississippi Central R. Co. v. Lott (1918), 118 Miss. 816, 80 So. 277; and Occhipinti v. Rheem Manufacturing Co., Inc. (1965), 252 Miss. 172, 172 So.2d 186. As a result of the trial court's failure to give an appropriate instruction relating proximate cause and aggravation, the jury was deprived of the opportunity to consider the proximate cause of the claimed aggravation and the reasonableness of the appellant's act January 10, 1966, in picking up the five-gallon bucket. Although the court did give abstract proximate cause instructions,[1] it failed to make clear to the

---

1. "\* \* \* this man Shivers on this occasion when he pulled the wrong lever on this backhoe that that was on that occasion an act of negligence for which the plaintiff would be entitled to recover if he has shown by a preponderance of the evidence in this case that such act was the proximate cause of his injury of which he sues and complains here today.

"And I would like to define proximate cause to you. An injury is proximately caused by an act or omission whenever it

jury that the September 2, 1965 negligence and damages could be found to be the proximate cause of the January 10, 1966 injuries as the result of an aggravation of the September 2, 1965 injuries.

The court's instructions considered as a whole were misleading and erroneous.

It is urged by the appellee Reynolds that the court did instruct the jury on "subsequent injury" and that this instruction should have made clear to the jury that they could find the January 2, 1966 injuries as aggravations of the September 2, 1965 injury. We think that the court's general instruction on "subsequent injury" [2] was vitiated by the court's emphasized and repeated instructions, supra, that the January 10, 1966 incident was not a part of the suit and could not give rise to any liability on appellee's part. Moreover, the term "subsequent injury" (footnote 2, supra) is broad and *does* fail to make specific reference to the January 10, 1966 injury. Accordingly, the jury could—in the context of the prior instructions which isolated and emphasized the September 2, 1965 injury—have understood "subsequent injury" to mean any injury subsequent to the September 2, 1965 injury but prior to the January 10, 1966 injury. The result of such misapprehension would have been total disregard by the jury of the January 10, 1966 injuries.

"The test for the correctness of an instruction does not lie in the indulgence which a lawyer in his office with the aid of his books, or the trial and appellate courts with the benefit of briefs and arguments of counsel, give to instructions, but as to how the instructions will naturally be understood by the average men composing juries". 88 C.J.S. Trial § 338, pp. 894, 895. "Where, as here, the case is close on the facts, especial care must be taken to make the instructions accurate, and, where prejudice probably results, as we think likely here, the judgment will be reversed for the giving of an incomplete, ambiguous, or misleading instruction". Government Employees Insurance Company v. Davis, 5 Cir. 1959, 266 F.2d 760, 765. See 5A C.J.S. Appeal and Error § 1763(2), pp. 1195, 1196; also cf. Macartney v. Compagnie Generale Transatlantique, 9 Cir. 1958, 253 F.2d 529, 533; Flintkote Company v. Lysfjord, 9 Cir. 1957, 246 F.2d 368, 388, 389. See further United States v. Hill, 5 Cir. 1969, 417 F.2d 279.

Appellant took appropriate exception to the trial court's instructions,[3] but the court refused to correct or clarify them.

---

appears (1) that the act or omission played a substantial part in bringing about or actually causing the injury, and it further appears (2) that the injury was either a direct result or a reasonably probable consequence of the act or omission.

"The Court instructs you that the defendant, Reynolds Electrical and Engineering, was guilty of negligence as herein defined through its employee and agent in the operation of the backhoe machine in question on September 2, 1965, and if you believe that such negligence was the proximate cause of the injury, and if you further find that the plaintiff, Judge McClendon, was the employee and servant of Malan Construction Company of Koppers Company, Incorporated, on September 2, 1965, then it would be your sworn duty to find for the plaintiff in this case."

2. "You are further instructed that if you find for the plaintiff as to liability, the law permits recovery for all actual damages proved in this case, if any, which are the direct and proximate result of the incident on September 2, 1965, including any subsequent injury, if said injury is shown to be the natural consequence of said incident, and a direct and proximate result thereof".

3. "BY THE COURT:
 Do you have any exceptions to take to any instructions given?
"BY MR. STONE:
 Yes sir. I can't give the number but early in the instructions the Court instructed the jury that there was no liability as to the accident on January the 10th.
"BY THE COURT:
 1966.
"BY MR. STONE:
 1966.
"BY THE COURT·
 That's right.

**324**

"It is the inescapable duty of the trial judge to instruct the jurors fully and correctly on the applicable law of the case, and to guide, direct and assist them toward an intelligent understanding of the legal and factual issues involved in their search for truth. As one court says, 'This duty is not fulfilled by mere abstract statements or legal definitions, but rather by a fair and impartial statement of the factual issues and the law applicable thereto. The instructions ought to be stated in logical sequence and in the common speech of man if they are to serve their traditional and constitutional purpose in our system of jurisprudence'."

2B Barron and Holtzoff, Federal Practice and Procedure, Section 1105, p. 470 (1961) and Tyler v. Dowell, Inc., 10 Cir. 1960, 274 F.2d 890, 897.

We hold, in short, that appellant was deprived of a substantial portion of his cause of action by the misleading nature of the court's jury instructions.

Inasmuch as we reverse and remand for new trial because of prejudicially misleading instructions, we find it unnecessary to consider the other contentions raised by the appellant.

Reversed and remanded for new trial.

"BY MR. STONE:
 I believe that this accident, there is a possibility that the jury could determine that this accident was a proximate result of the accident of September the 2nd, 1966, the proof being that he bent over to pick up a pail and if this is just a mere aggravation of the old injury.
"BY THE COURT:
 Well, I wasn't talking about aggravation. We are talking about accidents and that's what I said. I said it twice in the record and I am saying it again that the defendant in this case has no liability or responsibility for the January 2nd, I mean January 19, 1966, accident. I will note your exceptions to that.

"BY MR. STONE:
 Yes sir. Further on the exception. our exception is actually that the Court assumed that there was an accident on that date or, yes, and accident on that date.
"BY THE COURT:
 On the 10th?
"BY MR. STONE:
 And if there is an accident I think there is an aggravation.
"BY THE COURT:
 I don't think there is any question but that there was an accident on the 10th of January, 1966. I will note your exceptions to that."