**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Joe Willis GILBREATH, Defendant-Appellant.**

**No. 71-1604**

**Summary Calendar.**[*]

United States Court of Appeals, Fifth Circuit.

Dec. 27, 1971.

Charles W. Richards, Austin, Tex., Court appointed, for defendant-appellant.

Seagal V. Wheatley, U. S. Atty., Jerry Handy, Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

RONEY, Circuit Judge:

The defendant, Joe Willis Gilbreath, appeals a two count conviction for forging and uttering one United States Treasury check in violation of 18 U.S.C. § 495. Because we find that Gilbreath was denied a full and complete instruc-

---

[*] [1] Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

tion to the jury on his defense that he had the payee's authority to endorse and cash the check, we reverse.

Defendant and Joseph B. Cochran, the payee on the United States Treasury check in question, were roommates at the beginning of 1969, in an Austin, Texas, house owned by Gilbreath or his mother. Cochran was to pay rent to Gilbreath for the accommodations. In March, 1969, Cochran, while he was expecting a federal income tax refund check, moved to Houston, Texas. After Cochran had moved, the tax refund check arrived at the Gilbreath house. Gilbreath held the check for a few days and then cashed the check at a local A & P Supermarket. On the back of the check, Gilbreath wrote Cochran's name and then his own name and his own address and telephone number.

Gilbreath took the stand and testified that Cochran had given him permission to cash the check to reimburse himself for money Cochran owed him. Cochran denied that he owed Gilbreath money and categorically stated that he had not given Gilbreath authority to cash the check. Thus, the issue as to authority was drawn.

The defendant specially requested four instructions. The gist of two of the requested instructions was that it is not a forgery if an individual signs the payee's name with authority to do so. The substance of the other two was that when an individual signs the payee's name and then his own *as agent*, it is not a forgery even if there is no such authority. The district court denied all of the defendant's requested instructions.

■ The defendant bases his claim for instruction concerning an agency relationship upon Gilbert v. United States,

370 U.S. 650, 82 S.Ct. 1399, 8 L.Ed.2d 750 (1962). In *Gilbert* the Supreme Court held that an endorsement by an individual in the name of the payee and then his own, as agent, is not a forgery within § 495, even if done without authority, although it may be a misrepresentation of an agency relationship. See also Selvidge v. United States, 290 F.2d 894 (10 Cir. 1961).

The district court properly refused to give an instruction based upon *Gilbert* because there was no indication of agency on the endorsement, and no testimony of an agency relationship or of oral representations that there was such a relationship. Jolly v. United States, 411 F.2d 618 (9th Cir. 1969); Ross v. United States, 374 F.2d 97 (8th Cir. 1967), cert. den., 389 U.S. 882, 88 S.Ct. 130, 19 L.Ed.2d 177 (1967); United States v. Wilkins, 328 F.2d 120 (2d Cir. 1964).

■ However, if the defendant had authority from the payee to cash the check, he would not be guilty of forgery under 18 U.S.C. § 495. United States v. Sonnenberg, 158 F.2d 911 (3d Cir. 1946). The district court did not make this sufficiently clear in the instructions to the jury. The single reference to the term "authority" in the instructions was as follows:

"He is guilty of forgery who, *without lawful authority* and with intent to injure and defraud, shall make a false instrument in writing purporting to be the act of another, in such a manner that the false statements so made would, if the same were true, have created, increased, diminished, discharged or defeated any pecuniary obligation, or would have transferred or in any manner have affected any property whatever." [1]

---

1. The entire instruction on the question of forgery was as follows:
   "Count 1 of the indictment charges the accused with forgery. He is guilty of forgery who, without lawful authority and with intent to injure and defraud, shall make a false instrument in writing purporting to be the act

of another, in such manner that the false statements so made would, if the same were true, have created, increased, diminished, discharged or defeated any pecuniary obligation, or would have transferred or in any manner have affected any property whatever.

Twice, when the court enumerated the elements of forgery, the significance of lack of authority was not mentioned.[2] Obviously the jury could have believed that Gilbreath was guilty if all the elements of the crime as charged were present, notwithstanding any authority Gilbreath had from Cochran to endorse the check. In addition, we note that the only reference to "authority" was qualified by the word "lawful."[3] Since the check involved was a United States Treasury check, the jury may have received the erroneous impression from that qualification that only the United States Government could grant authority to endorse the check.

 The primary purpose of jury instructions is to define with substantial particularity the factual issues, and clearly to instruct the jurors as to the principles of law which they are to apply in deciding the factual issues involved in the case before them. United States v. Hill, 417 F.2d 279 (5th Cir. 1969). Accordingly, a defendant is entitled to a charge which precisely and specifically, rather than merely generally or abstractly, points to the theory of his defense. Perez v. United States, 297 F.2d 12 (5th Cir. 1961). Here the central issue was whether Cochran had given Gilbreath authority to endorse the check and yet the only reference in the instructions to that issue was minimal and qualified. The failure to give complete instructions on that question, especially in light of the defendant's requests, was reversible error. United States v. Gilbert, 140 U.S.App.D.C. 66, 433 F.2d 1172 (1970); *cf.* Moore v. United States, 356 F.2d 39 (5th Cir. 1966).

Reversed and remanded.

"The essence of forgery is the making of a false writing with the intent that it shall be received as the act of another. The elements that are required to be proved beyond a reasonable doubt in order to establish the offense of forgery are:

"1. The false making or alteration of some instrument in writing.

"Secondly, which is apparently capable of effecting a fraud.

"Thirdly, with the intent to defraud, that is, with the intent to obtain or receive by misrepresentation, directly or indirectly, any sum of money from the United States or any officer or agent thereof.

"It is not necessary that anyone be actually defrauded or that actual fraud be practiced, the offense being complete when the instrument is forged with the intent to defraud. Where there is intent to defraud, financial or property loss is not essential. Therefore, unless you believe from the evidence in this case beyond a reasonable doubt that all three of the above elements have been proved, that is to say, first, that the accused falsely altered the United States Treasury check as described in Count 1 of the indictment, and, second, that the acts so charged were apparently capable of effecting a fraud and, third, that the accused committed the acts so charged with the intent to defraud, you will acquit the accused of Count 1 of the indictment and say by your verdict 'Not Guilty.' "

2. Compare Mathes and Devitt, Federal Jury Practice and Instructions, § 31.07.

3. Compare Mathes and Devitt, *supra,* §§ 31.05, 31.07.