## UNITED STATES

v.

## Rodolfo BORGES and Cuauhtemoc Reyes-Escobar.

## No. EP-85-CR-154.

United States District Court,
W.D. Texas,
El Paso Division.

Nov. 8, 1985.

Michael McDonald, Asst. U.S. Atty., El Paso, Tex., for plaintiff.

Raymundo Velarde, Evelina Ortega, Federal Public Defender, El Paso, Tex., for defendant.

## ORDER REGARDING DEFENDANTS' MOTION FOR ACQUITTAL

HUDSPETH, District Judge.

This is a case in which a plan to swindle the Government resulted in both good news and bad news for the swindlers. The bad news from the standpoint of the Defendants was that the scheme failed and no profits were realized. The good news was that they were indicted for offenses which could not be proven, and, therefore, were entitled to judgments of acquittal.

Defendant Rodolfo Borges is a civilian contractor who does business with the army base at Fort Bliss, Texas. On July 11, 1985, the Finance Office at Fort Bliss issued a check payable to Borges in the amount of $610.00.[1] The Government check was mailed to Borges by the Finance Office. Some two weeks later, Borges called Concepcion Pena, a teller at the Finance Office, and complained that he had not received his check. He seemed anxious to receive the money, and asked how a replacement could be obtained for the first

---

1. The clerk who typed the check misspelled the Defendant's name "Borgest." This mistake is not significant with respect to any question of fact or law in this case.

check which had apparently been lost. Mrs. Pena contacted the Treasury Department and verified that the July 11 check had not been cashed. On August 5, 1985, the Finance Office issued a second check to Borges in the same amount. When Borges came in person to pick up the replacement check, Mrs. Pena made him sign a printed form in which he agreed to a stop-payment order on the first check, and promised to return the original check if he ever found it. The evidence shows that the August 5 check was negotiated by Borges at Moe's Restaurant in El Paso, Texas and that he received cash in return for the check.

On August 19, 1985, Agent Malley of the Secret Service was called to a Thunderbird Service Station at the corner of Myrtle and Alameda in El Paso, Texas where he was informed that an unknown individual had attempted to cash a Treasury check made payable to Rodolfo Borgest. The service station attendant had reason to believe that the individual was coming back, and Malley waited for his arrival. Shortly thereafter, Defendant Cuauhtemoc Reyes-Escobar walked into the service station and presented the check. It was the July 11 check issued to Borges by the Fort Bliss Finance Office which had supposedly been lost. The check bore the purported endorsement of Rodolfo Borges, the payee, and the address 1313 Magoffin. When questioned about the check, Reyes stated that it was not his check, but that the owner was sitting in a car parked across the street from the service station. Malley and Reyes walked across the street and found the car unoccupied. However, Reyes pointed to a nearby store and said that the payee, Borges, was inside. Malley and Reyes went inside the store and found Borges. Rodolfo Borges identified himself as the true payee, but stated that he had no identification on his person. Borges told the agent that the check had been issued to him by the Finance Office at Fort Bliss, and that the personnel in that office could identify him as Rodolfo Borges. Agent Malley proceeded to Fort Bliss with Borges and Reyes and contacted Concepcion Pena in the Finance Office. Mrs. Pena verified that the

check was genuine, that it had been issued to Borges on July 11, 1985, but that he had claimed the loss of the check, and that a substitute check had been issued on August 5. She further advised Malley that Borges had been told not to cash the original check if he ever found it, and that he was obligated to return it to the Finance Office if it were found. After Borges was advised of his constitutional rights, he told Malley that he had not received the original check until August 12, 1985, after he had negotiated the replacement check. Apparently needing the money, he decided to have Cuauhtemoc Escobar endorse the original check and cash it, on the understanding that the two Defendants would split the proceeds. By utilizing this procedure, Borges could later claim that the check had been stolen and had been forged and cashed by some person or persons unknown.

The Defendants arguably committed a number of crimes in this case, including, but not limited to, fraud against the Government and theft of Government property. The indictment, however, charged the Defendants with forging the endorsement "Rodolfo Borges" on the back of a Treasury check, and conspiracy to forge an endorsement on a Treasury check in violation of 18 U.S.C. §§ 510(a)(1) and 371. The Defendants went to trial on the indictment, and, at the time the Government rested its case in chief, both Defendants moved for a judgment of acquittal pursuant to Rule 29(a), Federal Rules of Criminal Procedure.

The Defendants' motion for judgment on acquittal must be granted. The Fifth Circuit has recognized that a Defendant cannot be guilty of the offense of forging an endorsement on a Treasury check if, at the time he endorsed the check in the name of the payee, he had the authority and permission of the true payee to sign the payee's name. *United States v. Lewis,* 592 F.2d 1282 (5th Cir.1979); *United States v. Gilbreath,* 452 F.2d 992 (5th Cir.1971). This is exactly the situation here. Reyes endorsed the name of Borges on the check with Borges' authority and permission. For

purposes of this case, it does not matter that Borges and Reyes had sinister motives, or that they intended to swindle someone. They did not commit the crime of forgery or conspiracy to forge, and those are the only offenses with which they are charged in this indictment.

It is therefore ORDERED that the Defendants' motion for judgment of acquittal in the above-styled and numbered cause be, and it is hereby, GRANTED.