McMILLIN, C.J.,
concurring:
¶ 34. I concur in the result. There appears to be no evidence in the record that would support a defendant’s verdict on the issue of fault for this vehicular accident. Thus, reversing and rendering on liability and remanding for a trial on damages appears to be the proper course. However, I respectfully differ with the majority on its treatment of another issue raised by Patterson in her appeal.
¶ 35. Patterson urges that the trial court erred in refusing to permit the jury to consider a broken leg she suffered in a fall while exercising approximately one year after the accident as an element of her damages. Her contention was that complications arising out her injuries caused her knee to suddenly give way while she was undertaking an exercise routine, the result being that she suffered a leg fracture. The majority analyzes the evidence presented at the first trial and concludes that the trial court erred in preventing the jury from considering the leg injury.
¶ 36. It is not that I agree or disagree with that conclusion that causes me to write separately. Rather, I write to point out that the issue decided by the majority is, in actuality, moot at this point based on the majority’s decision to remand for a retrial on damages. The effect of that decision is to wipe the slate clean of any proof going to damages and to require the plaintiff to once again present evidence of those damages that were proximately caused by her accident.
¶ 37. Whether Patterson can demonstrate a sufficient nexus between her vehicle accident and her broken leg to make it a proper element of damage depends on what evidence she will be able to muster on the point — a question that is unrelated to the evidence presented at the first trial. There is no guarantee that the proof at the next trial will be the same. Since we can do nothing but speculate as to what the evidence will be, it is improper for this Court to prejudge this issue.
¶ 38. Only by way of offering some general guidance, assuming that the issue will come up at retrial, I would observe that the general rule on damages of this sort appears to be as stated by Professor McCormick, in his treatise on damages, as follows:
If, as a result of a crippled or weakened condition due to the injury, the victim suffers a new accident and injury, the original wrongdoer is accountable if the new injury was not due to the victim’s own carelessness.
Charles T. McCormick, Handbook on the Law of Damages § 76(f) (1935); see also McClendon v. Reynolds Electric and Engineering, 432 F.2d 320, 322 (5th Cir.1970). The discussion in McCormick’s treatise following pronouncement of the rule emphasizes that the subsequent accident must *1090 occur “in the exercise of due care” by the plaintiff. MoCormicK, supra, at 272. A footnote further indicates that some courts have held that “if the accident happens after the treatment for the original injury has ended, though contributed to by a permanent weakness remaining from that injury, it is not compensable.” McCormick, supra, at 272 n. 44.
¶ 39. Thus, even assuming that evidence will be introduced that Patterson’s fall was caused by her debilitated post-accident condition, there remain legitimate questions of whether Patterson’s own conduct, in undertaking a vigorous exercise routine in the face of knowledge of the propensity of her knees to suddenly fail and in disregard of Dr. McFadden’s instruction to use a cane, was so careless as to prevent consideration of this subsequent injury. There is, also, the consideration of whether, after a year, Patterson’s weakened condition was nothing more than a permanent condition to which Patterson was required to adapt herself such that her subsequent fracture was not a proper element of damage.
¶ 40. These are issues that can only be raised preliminarily at this point and their proper resolution depends upon the quality of the evidence touching on these questions that may be presented at a subsequent trial. I fear that the majority, by finding error based on analysis of evidence that is no longer relevant, has pre-judged an issue at retrial that could potentially lead to yet another reversal.
SOUTHWICK, P.J., AND THOMAS, J., JOIN THIS SEPARATE WRITTEN OPINION, and DIAZ, J., CONCURS IN PART.