# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 15, 2023

Lyle W. Cayce
Clerk

_____

No. 22-40393

_____

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CHRISTIAN LEONARDO FRANCO POSLIGUA,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:21-CR-132-3

_____

Before RICHMAN, *Chief Judge*, and DENNIS and HO, *Circuit Judges*.
PER CURIAM:[*]

Christian Leonardo Franco Posligua pleaded guilty to conspiracy to possess with intent to distribute a controlled substance on board a vessel subject to the jurisdiction of the United States, in violation of the Maritime Drug Law Enforcement Act (MDLEA).  Under the MDLEA, the district court was required to make a preliminary determination as to its jurisdiction

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-40393

over the vessel at issue but did not do so.[1]  Posligua now challenges the district court's jurisdiction and also seeks to vacate an order of forfeiture entered by the district court.  We order a limited remand for the district court to consider, in the first instance, whether it has jurisdiction.  We also order the district court to vacate the forfeiture order.

## I

Four years before the events that led to the present appeal, Posligua, a fisherman from Ecuador, was found on a vessel that was transporting cocaine.  He pled guilty in the District Court for the Southern District of New York to participating in a conspiracy to violate the MDLEA.  He was sentenced to time served, which was 14 months, and removed from the United States.

Four years later, in 2021, Posligua and three other men were found in a low-profile vessel in the Pacific Ocean that had no indicia of nationality or state documents.  The United States Coast Guard officers who searched the vessel seized 1100 kilograms of cocaine, after they observed men throwing a package overboard.  Two of the men aboard the vessel identified Posligua as its captain.

A grand jury charged Posligua with conspiracy to possess with intent to distribute a controlled substance on board a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. §§ 70503(a)(1) and

---

[1] *See United States v. Bustos-Useche*, 273 F.3d 622, 626 (5th Cir. 2001) ("[46 U.S.C. § 70504(a)] states that '[j]urisdiction of the United States with respect to vessels subject to this chapter is not an element of any offense.  All jurisdictional issues arising under this chapter are preliminary questions of law to be determined by the trial judge.'  Based on this addition to the statute, we conclude that the district court's preliminary determination of whether a flag nation has consented or waived objection to the enforcement of United States law is a prerequisite to the court's jurisdiction under [the MDLEA].").

No. 22-40393

70506(b).[2] The indictment was premised on § 70502(c)(1)(A), alleging that the vessel Posligua was found aboard was "without nationality," thereby being "subject to the jurisdiction of the United States."[3] Although under § 70504(a) the question of whether a vessel is subject to the jurisdiction of the United States is a question of law to be decided by the district court,[4] neither Posligua nor the Government asked the district court to decide the issue. The district court ultimately did not make a determination as to its jurisdiction before accepting Posligua's plea agreement.

As part of that agreement, Posligua signed a factual basis admitting he "made an agreement to commit the crime charged in the [i]ndictment." The factual basis did not, however, mention the vessel from which the cocaine was seized. Posligua also agreed to waive his right to appeal except in limited circumstances. Posligua's presentence report provides additional information. It notes that Posligua was interdicted by the U.S. Coast Guard "in the Eastern Pacific Ocean;" that the "vessel had no physical indicia of nationality and no state documents on board;" that "[n]one of the codefendants claimed to be captain of the vessel;" that "Posligua advised the vessel was of Colombian nationality;" that "Officers were advised Colombia could neither confirm nor deny the vessel's nationality;" and that "[Posligua] was the apparent captain of the boat." Neither Posligua nor the Government objected to the presentence report. At the sentencing hearing, Posligua stated that he reviewed the presentence report, understood it, and

_____

[2] 46 U.S.C. §§ 70503(a)(1), 70506(b).

[3] 46 U.S.C. § 70502(c)(1)(A).

[4] 46 U.S.C. § 70504(a) ("Jurisdiction of the United States with respect to a vessel subject to this chapter is not an element of an offense. Jurisdictional issues arising under this chapter are preliminary questions of law to be determined solely by the trial judge.").

believed it adequately covered his background.  The district court then adopted the facts and accepted the plea agreement.

After the sentencing hearing, the Government filed a motion for the district court to issue a final order of forfeiture against Posligua for $100,000, pursuant to Federal Rule of Criminal Procedure 32.2(b) and (c).[5]  The district court subsequently granted the motion and entered a final order of forfeiture against Posligua.

Posligua now appeals, arguing that the district court lacked subject matter jurisdiction, or alternatively, that his plea was not knowing and voluntary.  He also asserts that the forfeiture order accompanying the final judgment was illegal.

## II

Without making the required jurisdictional determination, the district court entered a plea agreement.  We order a limited remand to permit the district court to determine, in the first instance, whether it has jurisdiction.

## III

After the present appeal was filed, Posligua filed a separate appeal challenging the district court's order of forfeiture accompanying the final judgment.  That appeal was dismissed because the present appeal, challenging the district court's final judgment, was already pending.  The motion to vacate the forfeiture order is carried with this appeal.

Both Posligua and the Government argue that the forfeiture order entered by the district court against Posligua should be vacated because it was not statutorily authorized.  Although Posligua did not object to the forfeiture

---

[5] FED. R. CRIM. P. 32.2(b), (c).

No. 22-40393

order at sentencing, "we review [his claim] de novo because he claims that this element of his sentence is illegal."[6]

In the interest of judicial economy, we address the forfeiture issue now. Because Posligua's appeal waiver "reserves the right to appeal any punishment imposed in excess of the statutory maximum," his appeal waiver does not foreclose this court from granting relief from an unauthorized forfeiture.[7]

Under 46 U.S.C. § 70507(a), forfeiture of property is proper if it "is used or intended for use to commit, or to facilitate the commission of," an MDLEA offense.[8] Here, as the Government recognizes, "the record contains no allegation or evidence that Posligua or his coconspirators used or intended to use the $100,000 cash to commit or facilitate the charged MDLEA offense." Under 28 U.S.C. § 2106, this "court has the discretion to either reform a judgment or remand the case for the district court to do so."[9] Accordingly, because there is no evidence or allegation that Posligua used or intended to use the $100,000 cash to commit or facilitate his charged

---

[6] *United States v. Nagin*, 810 F.3d 348, 352 (5th Cir. 2016) (citing *United States v. Nolen*, 472 F.3d 362, 382 & n. 52 (5th Cir. 2006)).

[7] *United States v. Gasanova*, 332 F.3d 297, 300 (5th Cir. 2003) (explaining that "[f]orfeiture is a form of punishment" (citing *Austin v. United States*, 509 U.S. 602, 618 (1993))).

[8] 46 U.S.C. § 70507(a).

[9] *United States v. Fuentes-Rodriguez*, 22 F.4th 504, 506 (5th Cir. 2022) (per curiam) (citing 28 U.S.C. § 2106).

No. 22-40393

offense, we remand the case to the district court with instructions to vacate the forfeiture order.

\*     \*     \*

For the foregoing reasons we order a limited REMAND for further proceedings consistent with this opinion.