# United States Court of Appeals for the Fifth Circuit

———————

No. 23-50859
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

July 25, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Blanca Estela Maldonado,

*Defendant—Appellant*.

———————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:18-CR-1935-3

———————

Before Barksdale, Engelhardt, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Blanca Estela Maldonado pleaded guilty to conspiracy to possess with intent to distribute more than 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 846 (prohibiting conspiracy), 841(a)(1) (prohibiting possession with intent to distribute), 841(b)(1)(A) (outlining penalty). She received, *inter alia*, a below-Guidelines 262-months'-imprisonment sentence.

———————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-50859

Maldonado claims only that there is a clerical error in the written judgment's reference to the statutes of conviction. A clerical error is when "the court intended one thing but by merely clerical mistake or oversight did another". *United States v. Buendia-Rangel*, 553 F.3d 378, 379 (5th Cir. 2008) (citation omitted). Under Federal Rule of Criminal Procedure 36, the district court "may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission". Rule 36 applies "[w]here the record makes it clear that an issue was actually litigated and decided but was incorrectly recorded in or inadvertently omitted from the judgment". *United States v. Cooper*, 979 F.3d 1084, 1089 (5th Cir. 2020) (citation omitted).

In this instance, the appropriate statutes of conviction are clear from the description of the offense in the judgment. The judgment did not include an incorrect or inapplicable statute. And the record does not show the judgment is inconsistent with the district court's intent. Therefore, a limited remand to correct a clerical error is not required. *See* Fed. R. Crim. P. 36; *United States v. Nagin*, 810 F.3d 348, 354 (5th Cir. 2016) (affirming judgment "without affecting the district court's authority to correct any clerical errors"). Nevertheless, the district court may exercise its discretion to clarify its intended judgment, or Maldonado may move the court to do so after her appellate proceedings are complete. *See id.*

AFFIRMED.