# United States Court of Appeals for the Fifth Circuit

—————————

No. 24-50791
Summary Calendar

—————————

United States Court of Appeals
Fifth Circuit

**FILED**

July 22, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MICHAEL JAMES DUPLESSIS,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:22-CR-2931-1

———————————————————————

Before BARKSDALE, STEWART, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

Michael James Duplessis challenges his within-Guidelines 36-months' sentence, imposed following his guilty-plea conviction for transporting illegal aliens within the United States and conspiracy to do the same, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and (A)(v)(I). He first

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

contests the district court's application of a two-level reckless-endangerment enhancement under Sentencing Guideline § 2L1.1(b)(6) (quoted *infra*).

Duplessis did not preserve this issue in district court (as he also correctly concedes). Because the issue was not preserved, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, he must show a plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* (citation omitted). Duplessis has not shown the requisite clear-or-obvious error.

The Guidelines provide for a two-level increase to defendant's base-offense level "[i]f the offense involved intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person". U.S.S.G. § 2L1.1(b)(6). Duplessis does not dispute that his conduct endangered the alien in the trunk of his vehicle within the meaning of Guideline § 2L1.1(b)(6). *E.g.*, *United States v. Mateo Garza*, 541 F.3d 290, 294 (5th Cir. 2008) (transporting person in trunk of vehicle is *per se* example of conduct justifying § 2L1.1(b)(6) enhancement). Instead, he contends the Government failed to show, by the required preponderance of the evidence utilized for sentencing, that he possessed the requisite mental state because it did not show that he knew of the alien's presence.

Duplessis compares the instant action to *United States v. Balderas-Gonzalez*, 264 F. App'x 415 (5th Cir. 2008), in which defendant prevailed on a preserved challenge to the application of Guideline § 2L1.1(b)(6) because the record revealed "only the mere possibility that [he] knew or should have

known that aliens were loaded in the trunk of [a vehicle]". *Id.* at 419. This comparison is without merit.

For starters, this unpublished opinion is not binding precedent. In addition, unlike defendant in *Balderas-Gonzalez*, who consistently maintained he did not "witness the loading of the . . . trunk", *id.* at 418, Duplessis has neither claimed actual ignorance of the alien's presence nor explained how the alien could have entered the trunk without his knowledge. More importantly, Duplessis admitted that he "concealed an alien inside the locked trunk of the vehicle" in his Stipulation of Facts supporting his guilty plea.

In response, he contends that the word "concealed" does not necessarily equate to knowledge of what was inside the trunk; and, in any event, the Government's reliance on the Stipulation is misplaced because the court did not expressly adopt it, and the Guidelines provide that a court "cannot rely exclusively upon stipulations in ascertaining the factors relevant to the determination of sentence". U.S.S.G. § 6B1.4, p.s., comment.

Contrary to Duplessis' assertions, the district court did not exclusively rely on the Stipulation in applying the enhancement. A factual finding is not clearly erroneous if it is "plausible in light of the record as a whole". *United States v. Rodriguez*, 630 F.3d 377, 380 (5th Cir. 2011). Additionally, the court may consider "any information which bears sufficient indicia of reliability to support its probable accuracy", which generally includes the presentence investigation report (PSR). *United States v. Abrego*, 997 F.3d 309, 312 (5th Cir. 2021) (citation omitted).

Along that line, the PSR in the instant case (which was adopted by the district court) states: the vehicle Duplessis drove was registered to him; and he admitted driving from Dallas to Eagle Pass, Texas, "to pick up and transport people". At rearraignment, Duplessis affirmed that the contents

of his Stipulation were true and correct, thereby admitting that he "concealed an alien inside the locked trunk of the vehicle".

In the light of the record as a whole, it is plausible that Duplessis knew of the alien in the trunk; accordingly, he has not shown the requisite clear-or-obvious error. *E.g.*, *Rodriguez*, 630 F.3d at 380. Even assuming *arguendo* he is correct that his admitting to concealing the alien does not necessarily prove such knowledge, this suggests only a possibility of error, which does not warrant reversal. *E.g.*, *United States v. Harris*, 740 F.3d 956, 967 (5th Cir. 2014) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.") (citation omitted).

Duplessis also contends that the record contains clerical errors. The parties may move in the district court pursuant to Federal Rule of Criminal Procedure 36 for correction of any clerical errors. *See United States v. Nagin*, 810 F.3d 348, 354 (5th Cir. 2016).

AFFIRMED.