# United States Court of Appeals for the Fifth Circuit

———————

No. 25-50211
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
November 3, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DIEGO GREGORIO FELICIANO-HERNANDEZ,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:24-CR-624-1

———————————————————

Before RICHMAN, SOUTHWICK, and WILLETT, *Circuit Judges*.

PER CURIAM:[*]

Diego Gregorio Feliciano-Hernandez appeals the 14-month, above-guidelines term of imprisonment imposed following his conviction for illegally reentering the United States. He argues that the sentence is substantively unreasonable because it is based on prior convictions that were already accounted for in the Sentencing Guidelines. Because Feliciano-

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

Hernandez preserved his challenge to the substantive reasonableness of the above-guidelines sentence in the district court, we review the district court's judgment for abuse of discretion. *See Holguin-Hernandez v. United States*, 589 U.S. 169, 173-75 (2020); *United States v. Key*, 599 F.3d 469, 475 (5th Cir. 2010).

The district court was not precluded from considering Feliciano-Hernandez's prior convictions even though they were taken into account in the guidelines calculations. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008). Those convictions related to the "history and characteristics of the defendant," which is a permissible sentencing consideration under 18 U.S.C. § 3553(a)(1). *See United States v. Smith*, 440 F.3d 704, 706 (5th Cir. 2006). The district court's reasons also indicate that it considered the need to "protect the public from further crimes of the defendant," which is another permissible sentencing consideration. 18 U.S.C. § 3553(a)(2)(C).

Feliciano-Hernandez has not demonstrated that the district court failed to account for a factor that warranted significant weight or that it gave undue weight to an improper factor. *See Smith*, 440 F.3d at 708; *see also Gall v. United States*, 552 U.S. 38, 51 (2007). Likewise, he has not demonstrated that the extent of the variance was unreasonable. *See Lopez-Velasquez*, 526 F.3d at 805, 807. We therefore defer to the district court's determination that the § 3553(a) factors, on the whole, warrant the variance and justify the extent of the upward variance imposed. *See Gall*, 552 U.S. at 51.

Finally, Feliciano-Hernandez asks this court to remand the case for correction of a clerical error in the district court's Statement of Reasons. Because the district court is better placed to identify clerical errors, we decline Feliciano-Hernandez's request for a remand, without prejudice to his filing in the district court a motion pursuant to Federal Rule of Criminal

No. 25-50211

Procedure Rule 36. *See United States v. Nagin*, 810 F.3d 348, 354 (5th Cir. 2016).

AFFIRMED.